UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NICOLE SCHIANO,                                         Index No.:

                        Plaintiff,              CV 03 0492

-against-                                                           COMPLAINT

QUALITY PAYROLL SYSTEMS, INC. and
MICHAEL TINTWEISS,                               Jury Trial Demanded

                        Defendants.
-------------------------------------------------------------X

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. JAN 30 2002 LONG ISLAND OFFICE

HURLEY, J.
BOYLE, M.

Plaintiff, **NICOLE SCHIANO**, by and through her attorneys, **SOMMA, ZABELL & ASSOCIATES, LLP**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary and affirmative relief based upon Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended, (hereinafter Title VII"), 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law, Executive Law § 290 *et seq.* (hereinafter "NYSHRL"), and other appropriate rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1337 and 1367. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful discriminatory conduct occurred within the county of Suffolk in the state of New York.

4. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and brings this action within ninety (90) days of the receipt of the Notice of Right to Sue issued by the EEOC.

### III. PARTIES

6. Plaintiff, **NICOLE SCHIANO**, was at all time relevant herein, a domiciliary of the State of New York, residing in Suffolk County.

7. At all times relevant herein, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e(f) and a "person" within the meaning of Section 292(1) of the NYSHRL.

8. Upon information and belief, Defendant **QUALITY PAYROLL SYSTEMS, Inc.** (hereinafter "Defendant" or "QPS") is a domestic business corporation authorized to do business in the State of New York with its primary place of business at 550 North Country Road, Suite C, St. James, New York 11780.

9. Upon information and belief, QPS also maintains offices at 60 Knickerbocker Avenue, Bohemia, New York 11716.

10. Upon information and belief, at all times relevant herein, QPS has been an "employer" within the meaning of 42 U.S.C. § 2000e(b) and Section 292(5) of the NYSHRL.

11. Upon information and belief, at all times relevant herein QPS employed more than fifteen (15) employees.

12. Upon information and belief, at all times relevant herein, Defendant **MICHAEL TINTWEISS** (hereinafter "Tintweiss") was a resident of the State of New York.

13. Upon information and belief, at all times relevant herein, Tintweiss was a Director and/or Officer of QPS (hereinafter collectively "Defendants").

### IV. BACKGROUND FACTS

14. Plaintiff is a female.

11. Plaintiff's employment with QPS began in or about in or about January 2001 as an Administrative Assistant.

15. Throughout the term of her employment with QPS, Plaintiff performed the essential functions of her position in a satisfactory manner.

16. In fact, Plaintiff consistently exceeded the requirements of her position. Plaintiff was eventually promoted to Corporate Financial Assistant.

17. On or about December 14, 2001, Plaintiff was informed by Tintweiss, at a QPS party, that

if she "wanted a raise," she was "sleeping with the wrong employee." Plaintiff immediately complained to Bert Geller (hereinafter "Geller"), a Director and/or of Officer of QPS, who had overheard the comment. Geller summarily dismissed the complaint.

18. Later that same evening, Tintweiss placed his hand on Plaintiff's upper thigh and attempted to physically pull her skirt up. Tintweiss also photographed himself performing the act.

19. Julius B. Veit, Jr. (hereinafter "Veit"), a Director and/or Officer of QPS, witnessed this conduct.

20. Later that evening Tintweiss asked Plaintiff, in the presence of Geller, if he could join Plaintiff in her hotel room.

21. Subsequently, Plaintiff made several complaints about Tintweiss' behavior to Veit. However, Veit dismissed Plaintiff's complaints and no remedial action was taken.

22. Tintweiss continued to make harassing, demeaning and inappropriate comments of a sexual nature to Plaintiff.

23. Plaintiff complained of Tintweiss' behavior to Veit on a regular basis. Subsequently, a wall was erected around Plaintiff's workstation to prevent direct interaction between Plaintiff and Tintweiss. However, Tintweiss continued his inappropriate behavior towards Plaintiff.

24. Veit requested that Plaintiff document the harassment she experienced in a formal letter. Fearing retaliation, Plaintiff told Veit that she was uncomfortable taking that action. Plaintiff was immediately told that she would not longer report to Veit. Instead, Plaintiff would report to Geller.

25. Plaintiff told Geller of the discriminatory behavior she was forced to endure. Geller told Plaintiff that Tintweiss had problems of this nature in the past and that it "is just the way he is." Plaintiff advised Geller that this was unacceptable.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

(Title VII - Sex Discrimination)

26. Plaintiff repeats and realleges each and every allegation contained herein.

27. Plaintiff has been discriminated against by Defendants on the basis of her sex in

contravention of Title VII, in that Defendants engaged in a course of conduct, as stated above, which collectively resulted in the constructive termination of Plaintiff's employment.

28. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

29. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

30. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

(NYSHRL - Sex Discrimination)

31. Plaintiff repeats and realleges each and every allegation contained herein.

32. Plaintiff has been discriminated against by Defendants on the basis of her sex in violation of NYSHRL, in that Defendants engaged in a course of conduct, as stated above, which collectively resulted in the constructive termination of Plaintiff's employment.

33. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

34. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

(Title VII - Retaliation)

35. Plaintiff repeats and realleges each and every allegation contained herein.

36. Plaintiff has been retaliated against by Defendants on the basis of her oral complaints to Defendants regarding the unlawful treatment to which Plaintiff was subjected, as stated above, which collectively resulted in the constructive termination of Plaintiff's employment.

37. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

38. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

39. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

(NYSHRL - Retaliation)

40. Plaintiff repeats and realleges each and every allegation contained herein.

41. Plaintiff has been retaliated against by Defendants on the basis of her oral complaints to Defendants regarding the unlawful treatment to which Plaintiff was subjected, as stated above, which collectively resulted in the constructive termination of Plaintiff's employment.

42. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial

43. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (NYSHRL - Aider and Abettor)

44. Plaintiff repeats and realleges each and every allegation contained herein.

45. That the foregoing acts pleaded above were aided and abetted by, and with the full knowledge and consent of Defendant Tintweiss, in violation of Section 296(6) of the NYSHRL.

46. As a proximate result of Defendant Tintweiss' actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

47. As a further proximate result of Defendant Tintweiss' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

48. Plaintiff repeats and realleges each and every allegation contained herein.

49. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment:

1. Declaring Defendants violated the aforementioned statutes;

2. On the First Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

3. On the Second Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

4. On the Third Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus

interest;

5. On the Fourth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

6. On the Fifth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

7. On the Sixth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

8. With regard to the First and Third Claims for Relief, an award of punitive damages where allowed by statute;

9. With regard to all Claims for Relief, Defendants be ordered to pay Plaintiff pre and post judgment interest;

10. With regard to all Claims for Relief, Defendants be ordered to pay the costs and disbursements of this action, including expert fees and disbursements and reasonable attorneys' fees; and

11. For such other and further relief as may be just and proper.

Dated: Farmingdale, New York
January 23, 2003

Respectfully submitted,

SOMMA, ZABELL & ASSOCIATES, LLP
Attorneys for Plaintiff

By: _____
Saul D. Zabell (SZ-2738)
500 Bi-County Blvd., Suite 112N
Farmingdale, New York 11735
(631) 719-0863